# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**CAROL CHAVEZ, SUZIE ROMANCITO ON BEHALF OF DARLENE CHAVEZ**

    **Plaintiffs,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　　　**No. 1:21-cv-00060**

**UNITED STATES OF AMERICA,**

    **Defendants.**

## PLAINTIFFS' COMPLAINT FOR INJURIES AND DAMAGES

## NATURE OF THE ACTION

On March 18, 2018 Plaintiff Darlene Chavez, an ambulatory 54-year-old female with cerebral palsy fell at home and was taken to Zuni Comprehensive Health Center (hereinafter "Zuni") where a displaced comminuted fracture of the distal tibia/fibula was identified. She was transferred to Gallup Indian Medical Center (hereinafter "GIMC") for pain control and care pending an orthopedic evaluation.

On March 19, 2018 Plaintiff Darlene Chavez was a patient of GIMC where she underwent a procedure for an open reduction and internal fixation ("ORIF") on her distal left tibial and fibula fracture. This surgery was negligently performed by Shabbar, Hussain, M.D. During this ORIF procedure, Dr. Hussain failed to appropriately place the screws into the bone, failed to properly reduce the fracture, and provided a supportive cast post-surgery that was too short for proper stabilization. As a result of this negligent operation performed by Dr. Hussain, Plaintiff Darlene Chavez suffered several serious complications. Plaintiff Darlene Chavez was discharged on March 26, 2018 on narcotics.

1

Three (3) days later, Plaintiff Darlene Chavez was seen in the Emergency Room for somnolence, altered mental status, and had a seizure in the Emergency Department. As no beds were available at Zuni, she was transferred to Rehoboth McKinley County Hospital and began the drug levetiracetam. On April 6, 2018 Ms. Chavez again presented to Zuni for cellulitis on her left leg. During this admission she developed hyponatremia and her hemoglobin was found to have dropped to 4.9 with no signs of any obvious bleeding. Ms. Chavez was given antibiotics for the cellulitis infection along with an anti-inflammatory. However, the antibiotics she was given (Vancomycin) and the anti-inflammatory (Ketorolac) were contraindicated for concomitant use due to the increased risk for renal failure and gastrointestinal bleeding. Additionally, the Vancomycin provided was ten (10) times the recommended dosage for an adult and as a result Ms. Chavez suffered serious injuries and damages.

On April 12, 2018 Ms. Chavez was transferred to Presbyterian Rust Medical Center (hereinafter "Presbyterian") for further evaluation. While at Presbyterian, Dr. Hugh Samuel Brock evaluated Ms. Chavez's leg wound and the previous ORIF repair. He immediately recommended that the ORIF be re-done.

Plaintiffs bring this action to recover damages arising from Defendant's tortious conduct. Plaintiffs sue the United States under the Federal Tort Claim Act (FTCA), which waives the United States government's sovereign immunity to suits that arise from the tortious conduct of its employees, as the employer of an Indian Health Services facility's employees acting within the course and scope of their employment. These FTCA claims include claims for negligence and medical malpractice.

2

## **PARTIES**

1. Plaintiff Carol Chavez is the guardian of Darlene Chavez. She is a citizen of the United States, a resident of the State of New Mexico, and brings this action on behalf of Darlene Chavez.

2. Plaintiff Suzie Romancito is the guardian of Darlene Chavez. She is a citizen of the United States and a resident of the State of New Mexico, and brings this action on behalf of Darlene Chavez.

3. Defendant United States is a sovereign nation that has waived its immunity to suits for monetary damages arising from the tortious acts of its employees, officers, and agents in the situations where a private person would be liable for such conduct under the law of the place where the conduct is alleged to have occurred. *See* 28 U.S.C. §1346 (B)(1).

4. Plaintiffs claim that, at all times material, the negligence complained of occurred at GIMC, operated by Defendant United States of America through the Department of Health and Human Services, as an Indian Health Services medical facility located in Gallup, New Mexico.

5. Plaintiffs claim that, at all times material, the negligence complained of occurred at Zuni, operated by Defendant United States of America through the Department of Health and Human Services, as an Indian Health Services medical facility located in Gallup, New Mexico.

6. To serve the predominately Native American population of Northern Arizona and Western New Mexico, Defendant United States Public Health Service/Indian Health

3

Service (hereinafter "PHS/IHS") operates and maintains GIMC and Zuni where medical services are provided to members of federally recognized tribes.

7. Defendant UNITED STATES OF AMERICA ["Defendant"], through its agents, employees, and through the Department of Health & Human Services, PHS, and IHS, all federal agencies, at all times hereinafter mentioned, did and now does, operate a hospital entitled the Gallup Indian Medical Center ["GIMC"] in Gallup, New Mexico, where claims of the Defendant United States' negligence arose. Defendant employed medical professionals at GIMC for emergency and in-patient care and treatment of Navajo patients. Defendant United States medical personnel, including, Shabbar Hussain, the emergency room physician, technicians, nurses, and other persons were federal employees for purposes of imposing liability on Defendant arising under the Federal Tort Claims Act, 28 U.S.C. §2671, et. seq. (hereinafter the "FTCA").

8. Defendant UNITED STATES OF AMERICA ["Defendant"], through its agents, employees, and through the Department of Health & Human Services, PHS, and IHS, all federal agencies, at all times hereinafter mentioned, did and now does, operate a hospital entitled the Zuni Comprehensive Health Center ["Zuni"] in Zuni, New Mexico, where claims of the Defendant United States' negligence arose. Defendant employed medical professionals at Zuni for emergency and in-patient care and treatment of Zuni patients. Defendant United States medical personnel, including, Thomas J. Faber, MD, Janet Do, the emergency room physician, technicians, nurses, and other persons were federal employees for purposes of imposing liability on Defendant arising under the Federal Tort Claims Act, 28 U.S.C. §2671, et. seq. (hereinafter the "FTCA").

9. If Defendant United States was a private person, it would be liable to Plaintiffs in accordance with the laws of the State of New Mexico

10. On February 28, 2020 within two years of the date of claims set forth herein which are subject to the FTCA, the administrative claims were presented to the United States Department of Health and Human Services, PHS/IHS, pursuant to 28 U.S.C. §2675(a). Said agencies have failed to make a final disposition of Plaintiffs' claims within six (6) months of presentation to Defendant. Plaintiffs deem such failure to be a denial of their claims as provided by the FTCA. 28 U.S.C. §2675(a).

11. As the employer of the employees identified, Defendant United States is vicariously liable for the injuries caused by the wrongful acts and omissions of its officers, employees, and agents while acting within the scope of their employment.

## I.     JURISDICTION AND VENUE

12. Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

13. This is an action against Defendant United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, et. seq. for medical negligence resulting in Plaintiffs' damages. This court has original and exclusive jurisdiction over Defendant United States of America. This Court has jurisdiction over the parties and subject matter hereto pursuant to 28 U.S.C. §1346(b), and that the amount in controversy, excluding attorney's fees and taxable costs, exceeds $75,000.00.

14. This Court may exercise jurisdiction over Defendant United States, which has waived its immunity to the FTCA suits in the courts of the United States. 28 U.S.C. § 1346(b)(1).

15. Plaintiffs have met the jurisdictional prerequisites to suit under the FTCA because she served notice of her intent to sue for the tortious acts complained of herein on February 28, 2020 which is within two (2) years of the incidents complained of herein. *See* 28 U.S.C. § 2401(b).

16. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions that give rise to Plaintiffs' claims occurred in Gallup, New Mexico, which is within McKinley County of the state of New Mexico.

## II.   STATEMENT OF FACTS

17. Plaintiffs re-allege and incorporate all of the preceding paragraphs as though fully set forth herein.

18. At all material times hereto, the medical providers of Zuni and GIMC were acting as employees, agents, and/or contractors of the United States of America.

19. At all material times hereto, all employees of Zuni and GIMC treating, diagnosing, and caring for Plaintiff Darlene Chavez were acting within the course and scope of their employment.

20. On March 18, 2018 Plaintiff Darlene Chavez fell at home and was taken to Zuni where a displaced comminuted fracture of the distal tibia/fibula was identified. She was then transferred to GIMC.

21. On March 19, 2018 Plaintiff Darlene Chavez underwent an ORIF operation procedure on her distal left tibial and fibula fracture.

22. This ORIF procedure was performed by Defendant Shabbar, Hussain, M.D.

23. During this ORIF procedure, Defendant Hussain failed to appropriately place the screws into the bone, failed to properly reduce the fracture, and provided a supportive cast post-surgery that was too short for proper stabilization.

24. Three (3) days after the ORIF procedure, Plaintiff Darlene Chavez reported to the emergency room at Zuni. She was seen for somnolence, altered mental status, and had a seizure in the Emergency Department. She was then transferred to Rehoboth McKinley County Hospital.

25. While at Rehoboth, Plaintiff Darlene Chavez began the drug levetiracetam.

26. On April 6, 2018 Plaintiff Darlene Chavez presented to Zuni for cellulitis on her left leg. During this admission, she developed hyponatremia and her hemoglobin was found to have dropped to 4.9 with no signs of any obvious bleeding. She was given antibiotics for the cellulitis infection along with an anti-inflammatory.

27. She was given the antibiotic Vancomycin along with an anti-inflammatory called Ketorolac.

28. These medications were contraindicated for concomitant use due to the increased risk for renal failure and gastrointestinal bleeding.

29. Plaintiff Darlene Chavez was provided ten (10) times the recommended dosage of Vancomycin for an adult.

30. Plaintiff Darlene Chavez developed an upper gastrointestinal bleed and renal failure which required a blood transfusion and extensive subsequent care.

31. On April 12, 2018 Plaintiff Darlene Chavez was transferred to Presbyterian Rust Medical Center. She was diagnosed with an upper GI bleed in the setting of melena

and a history of GERD. Her diagnosis also included PUD, esophagitis, gastritis, esophageal dysphasia and acute renal failure.

32. Due to blood loss, Plaintiff Darlene Chavez had to undergo a blood transfusion and endured a two-week hospital stay at Presbyterian.

33. While at Presbyterian, Dr. Hugh Samuel Brock evaluated Ms. Chavez's leg and the prior ORIF repair. He immediately recommended that the ORIF be re-done.

### III.   CAUSES OF ACTION

*Count I: Negligence: United States of America (Gallup Indian Medical Center)*

34. Plaintiffs re-allege and incorporate all of the preceding paragraphs as though fully set forth herein.

35. At all times material hereto, the relationship of doctor-patient and medical provider-patient existed between Plaintiff Darlene Chavez and the Defendant's employees at GIMC, including Shabbar Hussain.

36. The Defendant's employee Shabbar Hussain held himself out as a specialist, having undertaken to treat, make diagnoses and care for patients in their specialized field and were under the duty to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well-qualified specialists practicing under similar circumstances, giving due consideration to the locality involved.

37. Defendant breached this duty as more fully described herein resulting in damage to Plaintiff Darlene Chavez.

38. Defendant and its employees were under the duty to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well qualified

doctors, nurses, pharmacists, and other healthcare providers practicing under similar circumstances, giving due consideration to the locality involved.

39. Defendant breached this duty as more fully described herein resulting in damage to Plaintiff Darlene Chavez.

40. Defendant, by and through its employees at GIMC, was medically negligent in its care and treatment of Plaintiff Darlene Chavez by acts and omissions including but not limited to the following:

   a. Negligently performing the ORIF procedure;
   b. Failing to place the screws into the bone properly during the ORIF procedure;
   c. Failing to diagnose that the ORIF procedure had failed and immediately take corrective action;
   d. Failing to properly reduce the tibia/fibula fracture;
   e. Failing to place an adequate post-surgical support cast for proper stabilization;
   f. Failure to provide proper post-surgical care, including infection prevention;
   g. Other negligent acts and omissions to be determined through discovery and proven at trial.

41. The negligence of the Defendant was a cause or contributing cause of Plaintiff Darlene Chavez's severe and painful injuries, damages, and losses.

### *Count II: Negligence on Behalf Of Defendant (Zuni)*

42. Plaintiffs re-allege and incorporate all of the preceding paragraphs as though fully set forth herein.

43. At all times material hereto, the relationship of doctor-patient and medical provider-patient existed between Plaintiff Darlene Chavez and the Defendant.

44. The Defendant's employees Thomas Faber, MD and Janet Do held themselves out as specialists, having undertaken to treat, make diagnoses and care for patients in their specialized field and were under the duty to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well-qualified specialists practicing under similar circumstances, giving due consideration to the locality involved.

45. Defendant breached this duty as more fully described herein resulting in damage to Plaintiff Darlene Chavez.

46. Defendant and its employees were under the duty to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well qualified doctors, nurses, pharmacists, and other healthcare providers practicing under similar circumstances, giving due consideration to the locality involved.

47. Defendant breached this duty as more fully described herein resulting in damage to Plaintiff Darlene Chavez.

48. Defendant by and through its employees was medically negligent in their care and treatment of Plaintiff Darlene Chavez by acts and omissions including but not limited to the following:

    a. Failure to properly treat Plaintiff Darlene Chavez's cellulitis infection;

10

    b. Failure to order and prescribe the proper medication to Plaintiff Darlene Chavez;

    c. Failure to order and prescribe proper dosage of medication to Plaintiff Darlene Chavez;

    d. Failure to diagnose and remedy the failure to order and prescribe the proper medication to Plaintiff Darlene Chavez;

    e. Failure to diagnose and remedy the failure to provide proper dosage of medication to Plaintiff Darlene Chavez;

    f. Other negligent acts and omissions to be determined through discovery and proven at trial.

49. The negligence of the Defendant was a cause or contributing cause of Plaintiff Darlene Chavez's severe and painful injuries, damages, and losses.

### IV.   JURY DEMAND

Plaintiffs request a jury trial on all issues so triable in this case.

**WHEREFORE**, Plaintiffs respectfully request monetary damages against the Defendants in an amount to be determined at trial by the trier of fact to be just and reasonable as allowed under federal law, for punitive damages, for fees and costs of suit, and interest allowable under federal law, and any and all other appropriate redress available under federal law.

       Respectfully Submitted,

       DAVIS KELIN LAW FIRM, LLC

       ***/s/ Zackeree S. Kelin***
       Zackeree S. Kelin zkelin@daviskelin.com
       Gina Downes gdownes@daviskelin.com
       127 Bryn Mawr Dr. SE
       Albuquerque, New Mexico 87106
       (505) 242-7200 phone
       (505) 213-3399 fax
       ***Attorneys for Plaintiffs***